# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRUDY KURTEN,     )
     )
     Plaintiff,     )
     )
     v.     )     C.A. No. N17C-05-314 TAL
     )
JOHNSON & JOHNSON, et al.,     )
     )
     Defendants.     )
     )
LAURA JACOBS, Imdividually and     )
as Personal Representative of the     )
Estate of SHERRI WRIGHT,     )
     )
     Plaintiffs,     )
     )
     v.     )     C.A. No. N17C-05-337 TAL
     )
JOHNSON & JOHNSON, et al.,     )
     )
     Defendants.     )
     )
PATRICIA POOLE,     )
     )
     Plaintiff,     )
     )
     v.     )     C.A. No. N17C-05-357 TAL
     )
JOHNSON & JOHNSON, et al.,     )
     )
     Defendants.     )
     )



| | | |
|---|---|---|
| DORIS T. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-05-390 TAL |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CYNTHIA STARR, Individually, | ) | |
| And as Power of Attorney for | ) | |
| IZETTA STARR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-05-295 TAL |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This 14th day of April, 2020, the Court makes the following findings.

1. In 2016-17, some 200 lawsuits were filed against multiple defendants that were involved in the manufacture and distribution of talc products. Each claimed that talc, mixed in baby powder, had caused them to contract ovarian cancer.

2. The plaintiffs were residents of many states. The biggest defendant named was Johnson & Johnson ("J & J"), which moved to dismiss the complaints on grounds that the Court did not have specific jurisdiction over J & J for the claims of non-residents of Delaware as J & J is incorporated in New Jersey and has its

2

principal place of business in New Jersey. On September 10, 2018, the Court issued its Opinion and Order dismissing the claims for lack of specific jurisdiction over J & J.

3. Another defendant in the talc complaints was Imerys Talc America, Inc. ("Imerys"). Imerys sought federal bankruptcy protection in February, 2019. By the terms of 11 U.S.C. §362, all legal proceedings against Imerys, including the talc lawsuits, were automatically stayed.

4. Rule 41 of the Delaware Rules of Civil Procedure governs "Dismissal of Actions." Its subparagraphs define the circumstances under which an action may be dismissed, by agreement of the parties, (Rule 41(a)) or upon a failure to prosecute, (Rule 41(b)). Under Rule 41(g), in cases where a party declares bankruptcy, the Rule directs that the case will be placed on a "dormant docket" where it will remain for two years at which time it will be dismissed, unless a party shows good cause to extend the period.

5. By Order of the Bankruptcy Court dated, July 29, 2019, these cases were remanded to the Superior Court. The Plaintiffs in these actions are residents of Delaware and thus apparently unaffected by the Court's specific jurisdiction Opinion as to non-resident plaintiffs.

6. Plaintiffs styled this motion as one to sever their actions against Imerys from the remaining defendants. But severance was effectively granted already by

3

the Bankruptcy Court when it remanded these matters to the Superior Court, leaving Imerys in bankruptcy court. As made clear at oral argument, Plaintiffs are essentially asking the Court to remove the actions from the dormant docket. The only action necessary for the action to resume on the active docket is for the case to be moved from the dormant docket to the active docket.

7. J & J has interceded with a somewhat novel argument. J & J says that the Court cannot remove the cases from the dormant docket because the Court is prohibited from doing so by Rule 41(g), the very rule that put the cases on the dormant docket in the first place. J & J points to the language of the rule that upon the filing of a bankruptcy, "the action shall be stayed" and it "shall" remain on the dormant docket for two years unless it is extended by request of a party. J & J is unable to cite any cases to support this reading, and indeed it appears there are virtually no opinions written on the effect of the dormant docket of Rule 41.

8. In the Court's view, J & J reads too much into the directives of a court rule. For example, the Rule's mandate that upon the filing of a bankruptcy, the action shall be stayed is merely a restatement of the law of bankruptcy. It is not – and nothing suggests it was ever intended to be – an independent right of non-bankrupt co-defendants to enjoy the stay of the bankrupt entity. For example, J & J's reading would effectively immunize non-bankrupt co-defendants where the bankrupt estate liquidates entirely. J & J would remain stayed for eternity. The

4

language of what "shall" be done is rather a set of directives to the Prothonotary as to where a file should reside when a bankruptcy is filed. While the Rule clearly intends to align the Court's clerical practice with federal bankruptcy law, it cannot be read to expand the rights of the non-bankrupt. Such a reading is not logical and would actually thwart the purposes of remanding the case to state court in the first place.

Based upon the foregoing, the Plaintiff's motion to "sever" is **GRANTED** and this matter will be removed from the dormant docket.

**IT IS SO ORDERED**.

Judge Charles E. Butler